UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ROBBIE JEFFERSON,**

    **Plaintiff,**

    v.

**C.O. SHAVER,**

    **Defendant.**

Case No. 1:20-cv-707
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's November 6, 2020, Report and Recommendation ("R&R") (Doc. 4). The Magistrate Judge recommends the Court dismiss this matter for lack of prosecution. For the reasons stated more fully below, the Court **ADOPTS** the R&R, **DISMISSES** the Plaintiff's claims for want of prosecution, and **DIRECTS** the Clerk to enter judgment.

The R&R advised all parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* R&R, Doc. 4, #63). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by November 20, 2020. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). The R&R correctly found that the Plaintiff failed to comply with the Magistrate Judge's Deficiency Order ("the Order") by paying a filing fee or filing an application to proceed *in forma pauperis* (R&R, Doc. 4, #21 (citing the Order, Doc. 2, #17)). The Plaintiff was warned that failure to comply by the Order's October 30, 2020, deadline would result in "dismiss[al] of the case for want of prosecution." (*Id.* (citing the Order, Doc. 2, #18)). It has now been nearly a year, and the Plaintiff has still failed to comply with the Order or submit any filings related to this case.

Accordingly, the Court **ADOPTS** the R&R (Doc. 4). The Court thus **DISMISSES** the Plaintiff's claims for want of prosecution. The Court **ORDERS** the Clerk to enter judgment accordingly and **TERMINATE** this case on the docket.

**SO ORDERED.**

October 12, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**